■ In the Matter of ODRIS GELLER et al., Appellants-Respondents, v HOWARD L. LASHER, Respondent-Appellant, and BOARD OF ELECTIONS IN THE CITY OF NEW YORK et al., Respondents. [601 NYS2d 342] —In a proceeding (1) to invalidate a petition designating Howard L. Lasher as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Democratic and Liberal Parties as their candidate for the public office of Member of the City Council

from the 47th Council District, and (2) to cancel the enrollment as Democrats of the respondents Howard L. Lasher and Susan Lasher and to strike them from the register of voters, the appeal is from a judgment of the Supreme Court, Kings County (Levine, J.), dated August 11, 1993, which denied the petitioners' application, and Howard L. Lasher cross-appeals from so much of the judgment, as, in effect dismissed his counterclaim.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioners allege essentially that the intermittent use by Howard L. Lasher and Susan Lasher of an apartment at 50 Brighton First Road is insufficient to make them residents of the 47th Council District. We disagree. Election Law § 1-104 (22) defines residence as "that place where a person maintains a fixed, permanent and principal home and to which he [or she], wherever temporarily located, always intends to return". Additionally, a candidate who has two residences "may choose one to which [he or] she has legitimate, significant and continuing attachments as [his or] her residence for purposes of Election Law" (Matter of Ferguson v McNab, 60 NY2d 598, 600). We agree with the Supreme Court that the Lashers have sufficiently demonstrated that they have maintained a residence at 50 Brighton First Road, within the meaning of the Election Law. They have, among other things, intermittently lived at that address since 1981, have that address listed on their tax returns, pension documents, driver's licenses, and insurance policies, and are listed under that address in the telephone directory. Under these circumstances, the Lashers have sufficiently satisfied the residence requirements of the Election Law.

Howard L. Lasher has interposed a counterclaim attempting to invalidate the petition designating the petitioner Sheldon Plotnick as a candidate in a primary election to be held on September 14, 1993, for the nomination of the Democratic Party as its candidate for the public office of Member of New York City Council from the 47th Council District. He argues that the amended cover sheets of the candidate's petition do not contain the printed name and address of the representative of the candidate authorized to file such an amended cover sheet, as required by paragraph five of the Designating Petition Rules of the Board of Elections in the City of New York. However, all parties agree that this rule was promulgated to protect the candidate, not objectants. Therefore, as the Su-

preme Court found, Howard L. Lasher is without standing to challenge the petitioner's designating petition based upon an alleged violation of this rule. Bracken, J. P., Rosenblatt, Miller, Ritter and Copertino, JJ., concur.